UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARGARET HILL-SATTERFIELD, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CV-249-TAV-DCP |
| ANGIE K. LAUDERDALE, | ) | |
| Defendant/ Counterplaintiff/ Third-Party Plaintiff, | ) | |
| v. | ) | |
| APRIL STADEL, | ) | |
| Third-Party Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on plaintiff's motion to remand [Doc. 9]. Defendant responded in opposition [Doc. 16]. This matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons discussed below, plaintiff's motion to remand [Doc. 9] is **DENIED**.

### I. Background

This contract dispute arises from defendant's alleged failure to remit payment to plaintiff under the terms of the parties' agreement [Doc. 1-1]. On April 23, 2024, plaintiff commenced this action in the Chancery Court for Blount County, Tennessee [Doc. 1-1]. On June 3, 2024, defendant filed a notice of removal to this Court [Doc. 1]. Plaintiff now seeks to remand this matter to state court [Doc. 9].

## II. Standard of Review

A defendant is entitled to remove a suit to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. 28 U.S.C. § 1441. "The statutory right of removal of a case from state to federal court under § 1441 is a right that can be waived, but such waiver must be 'clear and unequivocal.'" *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009) (quoting *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir.1990)). In other words, the "language ultimately chosen" by the parties must evidence "an[] intent on the part of [defendant] to waive the right of removal from state to federal court." *Regis Assocs.*, 894 F.2d at 195. Moreover, as the Fifth Circuit has explained, "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

## III. Analysis

Plaintiff argues that the forum selection clause contained in the parties' agreement dispositively resolves the matter in favor of remand [Doc. 10, p. 3]. Specifically, plaintiff points to the following provision:

> The Parties agree that this Agreement should be governed by the laws of the State of Tennessee without regard to any choice-of-law rules. The Parties agree that any action based upon or related to this Agreement must be brought within the earlier of (a) six months from the date of the alleged breach or default or (b) one year from the date of execution of this Agreement. The Parties further agree that any action must be brought in the Probate Division of the General Sessions Court of Blount County, Tennessee or the Chancery Court for Blount County, Tennessee. The parties expressly waive their rights to a trial by jury, acknowledging the Probate Judge or Chancellor will be fair and equitable.

2

[Doc. 6-4 ¶ 19]. In plaintiff's view, the parties' agreement "that any action must be brought in" Tennessee courts precludes defendant's removal to federal court [Doc. 10, p. 4]. She contends that state courts would effectively handle the parties' dispute and would provide an equally suitable forum to an out-of-state defendant [*Id*. at 5–7].

Defendant acknowledges the above-cited provision but argues that the parties' agreement does not contain a "clear and unequivocal" waiver of the right of removal [Doc. 16, p. 4]. In particular, defendant relies on *Cadle Co.*, 307 F. App'x at 886, which established the Sixth Circuit's higher threshold than other circuits for finding a waiver of the right of removal [Doc. 16, p. 6]. Therefore, defendant contends that the forum selection clause "does not require the *resolution* of the case to occur in one of the Tennessee state courts" [*Id*. at 8 (emphasis added)].

Defendant did not "clear[ly] and unequivocal[ly]" waive her right of removal in the forum selection clause. *Cadle Co.*, 307 F. App'x at 886. Although the parties' agreement contemplated the commencement of "any action" beginning in either the Probate Division of the General Sessions Court of Blount County or the Chancery Court for Blount County [Doc. 6-4 ¶ 19], "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *City of New Orleans*, 376 F.3d at 504 (5th Cir. 2004); *McNally v. Kingdom Tr. Co.*, No. 5:21-CV-68, 2021 WL 4555838, at *3 (W.D. Ky. Oct. 5, 2021) (denying motion to remand on forum selection clause grounds because phrase "shall only be instituted" did not specify "where [] lawsuits can end up"). As with the forum selection clause at issue in *Cadle Co.*, the parties' forum selection clause "neither

3

mentions removal nor sets forth an explicit waiver of that right." 307 F. App'x at 888. This is especially significant given that the Sixth Circuit has adopted a higher threshold for waiver of the statutory right of removal. *See id*. at 886; *Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc*., No. 5:20-CV-563, 2020 WL 4812720, at *2 (N.D. Ohio Aug. 19, 2020) (noting the higher bar set by the Sixth Circuit when evaluating forum selection clause waiver of the right of removal).

Accordingly, plaintiff's motion to remand [Doc. 9] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE