UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARGARET HILL-SATTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:24-CV-249-TAV-DCP |
| | ) | |
| ANGIE K. LAUDERDALE, | ) | |
| | ) | |
| Defendant/ Counterplaintiff/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APRIL SWITZER (a/k/a/ April Stadel), | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on third-party defendant's motions to dismiss [Doc. 21 (as amended by Doc. 31)] and plaintiff's motion to dismiss and/or motion for summary judgment [Doc. 24]. Defendant responded in opposition to third-party defendant's motion [Doc. 36], but did not respond to plaintiff's motion within the time provided. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, this matter is now ripe for the Court's review. *See id*. For the reasons discussed below, plaintiff's motion to dismiss and/or motion for summary judgment [Doc. 24] will be **DENIED as moot** and third-party defendant's motions to dismiss [Doc. 21 (as amended by Doc. 31)] will be **DENIED**.

I.  Background

This contract dispute arises from defendant's alleged failure to remit payment to plaintiff under the terms of the parties' agreement [Doc. 1-1]. Defendant Angie K.

Lauderdale is the sole child and heir of Rex Hill, who died on February 20, 2020 [*Id.* ¶ 5]. A resident of Illinois, defendant traveled to Blount County, Tennessee to administer her father's estate upon his passing [*Id.*]. Plaintiff Margaret Hill-Satterfield is the sister of the deceased Mr. Hill, who allegedly cared for him during the nine years preceding his death [*Id.* ¶¶ 1, 6]. After Mr. Hill's passing, plaintiff alleges that she discussed a written document with third-party defendant April Switzer, her cousin, that was purportedly created by Mr. Hill during his lifetime [*Id.* ¶ 7]. This document, a copy of which is attached to defendant's amended answer [Doc. 27-3], allegedly manifests Mr. Hill's intent to divide his estate evenly between his brother, Luther, and his sister, plaintiff, upon his passing [*Id.*].

Plaintiff alleges that Mr. Hill's estate was ultimately valued at approximately $9.7 million [*Id.* ¶ 14]. Defendant agreed to share a portion of Mr. Hill's estate with plaintiff and instructed her attorney to draft an agreement to this end [*Id.* ¶¶ 11–12]. According to the terms of this agreement, a copy of which is attached to defendant's original answer [Doc. 6-4], defendant would pay plaintiff 25 percent of the value of Mr. Hill's estate [*Id.* ¶ 14]. On an unspecified date, defendant allegedly paid plaintiff "approximately" $138,000, but did not send any additional payments thereafter [*Id.*].

On April 23, 2024, plaintiff commenced this action in the Chancery Court for Blount County, Tennessee [*Id.*]. She brings claims for breach of contract and equitable relief, seeking the imposition of a resulting trust [*Id.* ¶¶ 18–27]. On June 3, 2024, defendant filed a notice of removal to this Court [Doc. 1]. On October 9, 2024, the Court denied a motion to remand this matter to state court [Doc. 20].

2

Since that time, defendant filed an amended answer to plaintiff's complaint, as well as an amended third-party complaint against Switzer and counterclaim against Satterfield [Doc. 27]. Third-party defendant's first motion to dismiss [Doc. 21] remained pending prior to defendant's amended filing [Doc. 27] but she has subsequently filed a second motion to dismiss [Doc. 31], upon which the Court will focus.

In her amended counterclaim, defendant alleges that plaintiff "hatched a scheme" to fraudulently forge the aforementioned written document in an effort to obtain Mr. Hill's estate [Doc. 27 ¶ 7]. She alleges that "[a]t no time did her father ever mention the preparation of a last will and testament" [*Id.* ¶ 8]. After reciting similar facts regarding the formation of the agreement with plaintiff, defendant states that on October 17, 2022, she distributed $88,998.00 to plaintiff pursuant to the agreement [*Id.* ¶ 21]. She brings a claim of fraud against plaintiff because of her allegedly false representations regarding the creation of Mr. Hill's written instrument [*Id.* ¶¶ 23–32]. Additionally, she alleges civil conspiracy against third-party defendant on grounds that Switzer conspired with Satterfield to accomplish her fraudulent deception of Lauderdale [*Id.* ¶¶ 59–63].

## II. Standard of Review

Third-party defendant and plaintiff have brought their motions to dismiss, in relevant part, under Federal Rule of Civil Procedure 12(b)(6).[1] Under Rule 8(a)(2) of the

---

[1] The Court notes that while third-party defendant labels her motion as being "pursuant to Fed. R. Civ. P. 12(b)(1)," she later states that this motion is brought "pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted" [Doc. 21 (as amended by Doc. 31)]. A similar discrepancy appears in plaintiff's motion [Doc. 24]. Given that her motions raise arguments sounding in Rule 12(b)(6) rather than Rule 12(b)(1), which is reserved for

3

Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs [(or the pleading party, as the case may be)], accept all well-pled factual allegations as true, and determine whether plaintiffs

---

subject-matter jurisdiction challenges, the Court treats her motion as being brought under Rule 12(b)(6).

4

undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### III. Analysis

#### a. Plaintiff's Motion to Dismiss Defendant's Counterclaim

Satterfield[2] moves to dismiss Lauderdale's counterclaim of fraud for failure to state a claim [Doc. 26]. Alternatively, she moves for summary judgment "because there is no genuine issue of material fact and Lauderdale cannot prove she reasonably relied upon any alleged misrepresentation made by Satterfield or her agents" [*Id.* at 1–2]. Specifically, she argues that Lauderdale cannot prove any of the required elements of fraud under Tennessee law, especially a showing of injury [*Id.* at 4]. In support of her alternative motion for summary judgment, Satterfield also cites a Tennessee case in which an exculpatory provision, analogized to one contained in the agreement at issue in this case, was held to negate a finding of reasonable reliance in a fraud action [*Id.* at 5–6 (citing *Ingram v. Cendent Mobility Fin. Corp.*, 215 S.W.3d 367, 370 (Tenn. Ct. App. 2006))].

Lauderdale did not respond to Satterfield's motion, despite acknowledging Satterfield's pending motion to dismiss in her response to Switzer's motion to dismiss [Doc. 36, p. 3]. Based upon Lauderdale's procedural summary of the case, it appears that

---

[2] For clarity, the Court refers to the parties by their last names in this section.

5

she may have assumed that Satterfield's motion was mooted by the filing of her amended counterclaim [*see* Doc. 36, pp. 3–4]. But "[w]here portions of the original complaint and the amended complaint are substantially identical, a district court can apply the mooted motions to dismiss to the unchanged sections." *Hall v. Traditional Sporting Goods, Inc.*, No. 3:23-CV-88, 2024 WL 3455250, at *1 (E.D. Ky. Jan. 30, 2024) (citing *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021)).

Upon careful review of Lauderdale's counterclaim and amendments thereto, the Court finds that Lauderdale's numerous substantive modifications, additions, and deletions render Satterfield's original motion moot [*Compare* Doc. 6, pp. 6–9 *with* Doc. 27, pp. 6–11]. Accordingly, plaintiff's motion to dismiss and/or motion for summary judgment [Doc. 24] is **DENIED as moot** without prejudice to refile as to the amended counterclaim.

### b. Third-Party Defendant's Motion to Dismiss Third-Party Plaintiff's Complaint

Switzer moves to dismiss Lauderdale's single-count complaint of civil conspiracy for failure to state a claim [Doc. 33]. Specifically, she argues that Lauderdale has failed to plead the required elements for a civil conspiracy claim under Tennessee law and, in the alternative, she has failed to plead with sufficient detail and particularity under the relevant pleading standard [*Id.* at 3–5]. In particular, Switzer argues that Lauderdale does not allege a sufficient factual basis to conclude that she developed a common scheme and engaged in concerted action with Satterfield [*Id.* at 4]. In her previous motion, Switzer specifically alleged that Lauderdale failed to include an underlying tort claim upon which her civil

conspiracy claim is premised [Doc. 23, p. 3]. She also argued that Lauderdale failed to allege an injury caused by the civil conspiracy conduct [*Id*. at 4].

In response, Lauderdale argues that she has sufficiently pled facts to support a claim of civil conspiracy [Doc. 36, p. 7]. She contends that her underlying tort claim against Satterfield, a fraud claim, is the underlying tort claim upon which her civil conspiracy claim against Switzer is premised [*Id*. at 7]. Lauderdale also cites Tennessee case law that, in her view, relaxes the pleading requirement as to a formal agreement when co-conspirators are acting to defraud [*Id*.]. Additionally, Lauderdale argues that she suffered "actual damages of $88,998.00 as a result of the fraud" [*Id*. at 8]. She points to specific allegations contained in the third-party complaint that she argues are sufficiently specific and detailed to survive the pleading standard, as well [*Id*. at 9–10].

Under Tennessee law, the elements of a civil conspiracy claim include: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006) (citing *Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 720 (E.D. Tenn. 2001)). "It is well settled in Tennessee that the tort of civil conspiracy requires underlying wrongful conduct, and that conspiracy, standing alone, is not sufficient to support a cause of action[.]" *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (quoting *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 887 (W.D.

7

Tenn. 1999)). "If the underlying wrongful conduct is found to be not actionable then the conspiracy claim must also fail." *Id.* (quoting *Greene*, 72 F. Supp. 2d at 887).

As this Court has previously held, civil conspiracy is "most often established using circumstantial evidence and inferences drawn from the evidence, coupled with common-sense knowledge of the behavior of the person in similar circumstances." *Moore v. Westgate Resorts Ltd., L.P.*, No. 3:18-CV-410, 2020 WL 6814666, at *25 (E.D. Tenn. Nov. 18, 2020) (citing *Childs v. United Cmty. Bank*, No. 3:08-CV-271, 2009 WL 2244634, at *3 (E.D. Tenn. July 24, 2009)). "When a civil conspiracy claim is based on fraud, the claim is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires the plaintiff to 'state with particularity the circumstances constituting fraud or mistake.'" *Strobl v. Croft*, No. 1:24-CV-140, 2025 WL 560762, at *10 (E.D. Tenn. Feb. 20, 2025) (citing *Farmer v. Upchurch*, No. 1:21-CV-153, 2021 WL 5622104, at *9–10 (E.D. Tenn. Nov. 30, 2021) (Varlan, J.)). But "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Taking these elements in turn, Switzer persuasively argues that Lauderdale has not alleged direct factual evidence of "a common design between two or more persons." *Kincaid*, 221 S.W.3d at 38. Apart from stating that Switzer is Satterfield's daughter [Doc. 27 ¶ 35] and alleging that the two discussed "the division of the estate of Rex Hill" and "prepar[ed] a document purporting to be the last will and testament of Rex Hill" [*Id.* ¶¶ 49, 62], Lauderdale does not allege that the two co-conspirators engaged in other shared planning or coordination to defraud. Indeed, the amended counterclaim alleges that

8

"Satterfield," not Switzer, "hatched a scheme," but nowhere plainly states that Switzer directly assented to this scheme [*Id*. ¶ 42]. In the absence of such factual content, Lauderdale draws upon Tennessee law that adopts a somewhat different requirement in the specific context of conspiracy to defraud [Doc. 36, pp. 7–8].

Lauderdale's leading citation on this point is a 1917 Tennessee Supreme Court Case, *Brumley v. Chattanooga Speedway & Motordrome Co.*, 138 Tenn. 534, 198 S.W. 775 (1917). The case's age notwithstanding, the *Brumley* court held that "it is not essential that each conspirator have knowledge of the details of the conspiracy." *Id*. at 776. In further support, Lauderdale cites *Brown v. Birman Managed Care, Inc*., 42 S.W.3d 62, 67 (Tenn. 2001), which states that "[e]ach conspirator must have the intent to accomplish this common purpose, and each must know of the other's intent," citing *Dale v. Thomas H. Temple Co*., 208 S.W.2d 344, 353 (Tenn. 1948). Coupling this legal standard with the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), it is a close question as to whether Lauderdale pleads enough factual content that, if taken as true, shows "a common design" between Switzer and Satterfield. *Kincaid*, 221 S.W.3d at 38. However, given that Fed. R. Civ. P. 9(b) states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," and Switzer's knowledge and intent regarding the alleged conspiracy are perhaps the most generally alleged part of Lauderdale's third-party complaint, the Court finds that Switzer has adequately pled this first element of civil conspiracy.

Moving to the remaining elements, Lauderdale's rooting of her civil conspiracy claim in the separate fraud claim against Satterfield demonstrates an "unlawful purpose" that she allegedly accomplished "by concerted action" with Satterfield. *See Kincaid*, 221 S.W.3d at 38; [*see* Doc. 27 ¶¶ 42–43, 49–50, 61]. She has also alleged "overt act[s] in furtherance of the conspiracy" by way of conversations between Switzer and herself, as well as Switzer's alleged involvement in the preparation of a fraudulent will [*see id*. ¶¶ 49–50, 62]. Finally, Lauderdale has pled an injury arising from this alleged conspiracy in the form of $88,998.00 in money damages [*Id*. ¶ 63].

In sum, while it is a close question as Lauderdale's pleading of the first element of civil conspiracy under Tennessee law, the Court finds that her third-party complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, third-party defendant's motions to dismiss [Doc. 21 (as amended by Doc. 31)] is **DENIED**.

### IV. Conclusion

For the reasons explained above, plaintiff's motion to dismiss and/or motion for summary judgment [Doc. 24] is **DENIED as moot** and third-party defendant's motions to dismiss [Doc. 21 (as amended by Doc. 31)] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE